UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE SHUMLAI, et al., | No. 2:22-cv-00363-DAD-DMC |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION TO REMAND AND REMANDING THIS ACTION TO THE BUTTE COUNTY SUPERIOR COURT |
| GLAD INVESTMENTS, INC., et al., | |
| Defendants. | (Doc. Nos. 3, 4) |

This matter is before the court on plaintiffs' motion to remand this action to the Butte County Superior Court. (Doc. No. 4) The pending motion was taken under submission on the papers on April 8, 2022.[1] (Doc. No. 7.) For the reasons explained below, plaintiffs' motion to remand will be granted.

**BACKGROUND**

On October 6, 2021, plaintiffs Grace Shumlai, deceased by and through her personal legal representative and successor in interest, Terry Lewis, and Terry Lewis, an individual, (collectively, "plaintiffs") filed a complaint in Butte County Superior Court against defendants Glad Investments Inc., d/b/a Riverside Convalescent Hospital; Eretz Chico Properties, LLC; and the Gladys v. Jennings Revocable Trust. (Doc. No. 1 at 27.) Therein, plaintiffs allege that

---

[1] On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 11.)

1

1  plaintiff Shumlai was in the care of defendants' skilled nursing facility in 2020, and due to
2  alleged failures on defendants' part to provide the assistance plaintiff Shumlai required, plaintiff
3  Shumlai's health declined, she tested positive for COVID-19 on October 3, 2020, and she died on
4  October 6, 2020.  (*Id.* at 35–36.)  In their complaint, plaintiffs assert the following four causes of
5  action:  (1) an elder abuse and neglect claim brought pursuant to California Welfare and
6  Institutions Code § 15600, *et seq.*; (2) a claim for violation of patient rights brought pursuant to
7  California Health and Safety Code § 1430(b); (3) a negligence claim; and (4) a wrongful death
8  claim.  (*Id.* at 27.)  Defendant Eretz Chico Properties, LLC ("Eretz") was served with the
9  summons and complaint on February 3, 2022.  (*Id.* at 2.)

10       On February 24, 2022, defendant Eretz timely removed this action to this federal court,
11 asserting that this court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question
12 jurisdiction) and 28 U.S.C. § 1442(a)(1) (federal officer jurisdiction).  (*Id.* at 3, 12.)  Specifically,
13 defendant Eretz asserts, *inter alia*, that plaintiffs' state law causes of action are preempted by the
14 Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006)
15 (the "PREP Act").

16       However, two days before defendant Eretz filed its notice of removal, the Ninth Circuit
17 issued a decision in an appeal that raised the same jurisdictional arguments in a factually similar
18 case, and the Ninth Circuit rejected them, holding that the PREP Act did not preempt the
19 plaintiff's state law claims for elder abuse, negligence, willful misconduct, and wrongful death.
20 *See Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 683, 689 (9th Cir. 2022) (concluding
21 that "the district court's remand order for lack of federal subject matter jurisdiction based upon
22 complete preemption was proper"), *cert. denied*, No. 22-192, 2022 WL 17085186 (U.S. Nov. 21,
23 2022).  In its notice of removal, Defendant Eretz did not mention the Ninth Circuit's decision in
24 *Saldana*—which squarely forecloses defendant Eretz's jurisdictional basis for removing this
25 action.

26       On March 17, 2022, plaintiffs filed the pending motion to remand this action, noting that
27 "as federal courts in this District and nationwide have recognized, removal of cases like this one
28 /////

2

is improper because the federal court lacks subject matter jurisdiction." (Doc. No. 4 at 9, 11-12) (listing cases).

On April 7, 2022, defendant Eretz filed an opposition to plaintiffs' motion to remand. Therein, defendant Eretz maintains that complete preemption of plaintiffs' claims by the PREP Act exists here. (*Id.* at 10–11.) Defendant Eretz relies on a district court's decision denying a motion to remand under similar circumstances (*id.*), but that decision has recently been vacated and remanded by the Ninth Circuit in light of the *Saldana* decision. *See Garcia v. Welltower OpCo Grp. LLC*, 522 F. Supp. 3d 734, 746 (C.D. Cal. 2021), *vacated and remanded sub nom. Garcia by & through Garcia v. Welltower Opco Grp. LLC*, No. 21-55224, 2022 WL 17077501 (9th Cir. Nov. 18, 2022). Notably, in its opposition, defendant Eretz acknowledged in a footnote that its arguments were contrary to the Ninth Circuit's decision in *Saldana* but tried to downplay the impact of that decision, emphasizing that the *Saldana* decision was pending rehearing and was not yet final (at that time).[2]

On April 14, 2022, plaintiffs filed their reply to defendant Eretz's opposition, reiterating their arguments and noting that in *Saldana*, "the Ninth Circuit, on nearly identical facts, held that the PREP Act did not apply and there was no federal judication." (Doc. No. 8.)

On September 29, 2022, the court issued an order to defendant Eretz to show cause why this action should not be remanded in light of the Ninth Circuit's decision in *Saldana*. (Doc. No. 29.) In response, the parties filed a stipulation noting that because the defendant in *Saldana* filed a petition for writ of certiorari in the United States Supreme Court, the parties jointly requested that the court stay this action pending resolution of that petition. (Doc. No. 13.) The court granted the parties' request and directed them to file a status report in this action no later than fourteen (14) days after the Supreme Court issued its decision regarding the petition for review in *Saldana*. (Doc. No. 14.) The Supreme Court denied the petition in *Saldana* on November 21, 2022, yet the parties did not thereafter file their status report as required. Rather, after the

---

[2] In its opposition to pending motion to remand, defendant Eretz also stated that it "will update this Court in subsequent pleadings on the status of [*Saldana*] as it progresses." (Doc. No. 6 at 11 n. 4.) Defendant Eretz did not provide the court any such update.

undersigned's courtroom deputy contacted counsel to advise them of their failure to timely file the joint status report, the parties filed their report, in which plaintiffs reiterate their position that the Ninth Circuit's *Saldana* decision controls and requires remand of this action, whereas defendant Eretz stated nothing whatsoever as to its position. (Doc. No. 15.)

Accordingly, on December 6, 2022, the court issued a second order to defendant Eretz to show cause why this action should not be remanded in light of the Ninth Circuit's *Saldana* decision. (Doc. No. 16.) In its response to the second order to show cause, defendant Eretz merely stated that it "disagrees with the holding in *Saldana* as explained in the briefing and finds that allegations in this matter, specifically that Defendant acted 'willfully,' distinguish the ruling in *Saldana*." (Doc. No. 17 at 2.) First, the "briefing" defendant Eretz references does not include *any* explanation as to why defendant disagrees with the holding in *Saldana*; rather, defendant Eretz downplayed the import and impact of that binding decision because it was not yet final— not because it was substantively inapposite to this case. Second, defendant Eretz's barebones attempt to distinguish *Saldana* in one phrase by pointing to purported allegations of willful conduct in this action is not only confusing, but also wholly lacking in support. Plaintiffs in this action have not brought a "willful conduct" claim, whereas the plaintiffs in *Saldana* did bring such a claim. *See Saldana*, 27 F.4th at 683 ("The Saldanas allege that Glenhaven failed to adequately protect Ricardo Saldana from the COVID-19 virus. The complaint states four state-law causes of action: elder abuse, willful misconduct, custodial negligence, and wrongful death.").

In short, defendant Eretz has had several opportunities to substantively address why it believes the *Saldana* decision does not require remand of this action. Despite those opportunities, and despite the court's orders to show cause explicitly directing defendant Eretz to address that question, defendant Eretz has refused to do so and instead has unnecessarily wasted the limited judicial resources of this court.

## LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761

F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). As such, a federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id.* at 398–99. "If a defendant seeks to remove the case on federal question grounds, jurisdiction must be determined from the face of the well-pleaded complaint, unaided by the answer or by the petition for removal." *Preciado v. Ocwen Loan Servicing*, No. 2:11-cv-1487-CAS-VBK, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011) (citing *California ex rel. Lockyer*, 375 F.3d at 838).

## ANALYSIS

As to the first basis for removal asserted by defendant Eretz—federal question based on complete preemption—the court rejects defendant Eretz's argument that the PREP Act preempts plaintiffs' claims in this action. As this court has explained in an order remanding a similar case,

/////

5

> *Saldana*, like the present case, involves claims brought as a result of the death of nursing home resident from COVID-19, allegedly as a result of neglect and/or abuse. Also like the case at bar, the lawsuit brought on behalf of the decedent in *Saldana* alleged claims for elder abuse and neglect, negligence[,] and wrongful death. In rejecting complete preemption under those analogous circumstances, the Ninth Circuit observed that the PREP Act "is not one of those 'rare' statutes 'where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Martin v. Filart*, No. 20-56067, 2022 WL 576012 at *1 (9th Cir. Feb. 25, 2022) (citing *Saldana*, 27 F.4th at 688). Because the Ninth Circuit's rejection of complete preemption there is binding on this Court, Defendant's removal on that basis necessarily fails.

*Constantine v. Trestles LLC*, No. 2:21-cv-01987-MCE-JDP, 2022 WL 5249280, at *3 (E.D. Cal. Oct. 6, 2022). "The Ninth Circuit has indeed held the PREP Act is not a complete preemption statute." *Zalman v. Windsor Vallejo Care Ctr., LLC*, No. 2:21-cv-01395-TLN-DB, 2022 WL 2916906, at *3 (E.D. Cal. July 25, 2022) (citing *Saldana*, 27 F.4th at 688) ("The text of the statute shows that Congress intended a federal claim only for willful misconduct claims and not claims for negligence and recklessness."). Consistent with the Ninth Circuit's decision in *Saldana*, the district court in *Zalman* granted the plaintiff's motion to remand because his "claims for elder abuse, negligence, and wrongful death are not completely preempted as the PREP Act does not "entirely supplant[] state law causes of action . . . ." *Id.*

As to the second basis for removal asserted by defendant Eretz—federal officer jurisdiction—the Ninth Circuit's *Saldana* decision likewise forecloses this basis for removal. *See Saldana*, 27 F.4th at 688 (finding that "all that [the nursing facility defendant] has demonstrated is that it operated as a private entity subject to government regulations, and that during the COVID-19 pandemic it received additional regulations and recommendations from federal agencies," which did not amount to "'acting under' a federal officer or agency as contemplated by the federal officer removal statute").

Accordingly, in light of the binding precedent in the Ninth Circuit's *Saldana* decision, plaintiff's motion to remand will be granted because none of the bases for removal asserted by defendant Eretz are proper in this case. *See Martinez v. Novato Healthcare Ctr., LLC*, No. 21-CV-09547-HSG, 2022 WL 2981825, at *1 (N.D. Cal. July 28, 2022) (granting a motion to remand because the Ninth Circuit in *Saldana* conclusively rejected all of defendants' asserted

bases for removal, including complete preemption of plaintiff's claims by the PREP Act and federal officer jurisdiction); *see also Westbrook v. San Pablo Healthcare & Wellness Ctr.*, No. 21-cv-06474-JD, 2022 WL 2072933, at *1 (N.D. Cal. June 9, 2022) (granting the plaintiff's motion to remand where the defendant's removal was based on federal officer jurisdiction, embedded federal question, and complete preemption by the PREP Act, because "a recent decision by the circuit in a very similar case, [*Saldana*], squarely rejected all three of the bases put forward by [defendant] here in support of federal subject matter jurisdiction"). "Indeed, several post-*Saldana* Ninth Circuit district court cases have similarly held that the PREP Act is not a complete preemption statute and that federal officer jurisdiction is absent in cases of this sort." *Est. of Acebes v. Residences at Royal Bellingham Inc.*, No. 2:22-cv-06936-JLS-JC, 2022 WL 16855564, at *2 (C.D. Cal. Nov. 9, 2022) (citing cases).

## CONCLUSION

For the reasons set forth above,

1. Plaintiffs' motion to remand (Doc. No. 4) is granted;
2. Defendant Eretz's motion to dismiss (Doc. No. 3) is denied as having been rendered moot by this order;
3. This action is remanded to the Butte County Superior Court, pursuant to 28 U.S.C. § 1447(c), due to this court's lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 12, 2022**                    _____
                                                  UNITED STATES DISTRICT JUDGE